HON. FRANK J. RYAN Town Attorney, Cortlandt
We acknowledge receipt of your letter stating that your town is contemplating the purchase of some 57 acres of vacant land within the town to be used for public park, recreation and playground purposes, and in which you request our opinion as to whether acquisition of such property is subject to a permissive referendum. You also inquire whether the establishment of public parks and playgrounds is a public purpose for which a town may acquire real property.
In our opinion, based upon the following discussion of statutes, the establishment of public parks and playgrounds is a public purpose for which a town is authorized to acquire real property. We do not here comment as to particular uses and restrictions and limitations upon use of such park and playground lands except to state that probably all uses of a public park would be considered recreational uses but not all recreational uses would be appropriate in a public park. See 25 St. Compt. 55.
Town Law § 64, provides, in part:
"§ 64. General powers of town board
 "Subject to law and the provisions of this chapter, the town board of every town:
* * *
 "2. Acquisition and conveyance of real property. May acquire by lease, purchase, or by condemnation in the manner provided by law, any lands or rights therein, either within or outside the town boundaries, required for any public purpose, * * *." (Emphasis supplied.)
Town Law § 81, provides, in part, as follows:
"§ 81. Election upon proposition
 "The town board may upon its own motion and shall upon a petition, as hereinafter provided, cause to be submitted at a special or biennial town election, a proposition:
"1. In any town:
* * *
 "(d) To establish airports, * * * public parks or playgrounds, acquire the necessary lands therefor, and equip the same with suitable buildings, structures and apparatus."
The closing paragraph of Town Law § 81 is unnumbered and provides as follows:
 "Any expenditure approved pursuant to this section shall be paid for by taxes levied for the fiscal year in which such expenditure is to be made. However, nothing contained in this section shall be construed to prevent the financing in whole or in part, pursuant to the local finance law, of any expenditure enumerated in this section which is not authorized pursuant to this section. Any expenditure financed in whole from moneys appropriated from surplus funds shall not be subject to referendum."
Town Law § 220, provides, in part, as follows:
"§ 220. General town improvements
 "Upon the adoption of a resolution therefor, subject to a permissive referendum, the town board may:
* * *
 "4. Establish * * * public parks or playgrounds, acquire the necessary lands therefor, and equip the same with suitable buildings, structures and apparatus."
The closing paragraph of Town Law § 220 is unnumbered and is identical in context to the closing and unnumbered paragraph of Town Law § 81 above quoted.
Local Finance Law § 35.00, provides, in part, as follows:
"§ 35.00 Bond resolution subject to referendum; towns
* * *
 "b. Except as otherwise provided in paragraph a of this section,
 "1. A bond resolution adopted by the finance board of a town shall be subject to a permissive referendum or such resolution may be submitted to a referendum by such finance board on its own motion, in the manner prescribed in article seven of the town law, as amended from time to time. "The foregoing provisions of this paragraph b shall not apply to a bond resolution authorizing the issuance of bonds:
 "(1) With a proposed maturity of not more than five years to be measured from the date of the bonds or from the date of the first bond anticipation note issued in anticipation of the sale of such bonds, whichever date is the earlier."
Paragraph a of Local Finance Law § 35.00 relates to highway improvements and is not applicable here.
Paragraph c of Local Finance Law § 35.00 provides as follows:
 "c. The expenditure of money for which it is proposed to issue obligations shall not be subject to a permissive or mandatory referendum in any town."
The word "obligations" is defined in Local Finance Law § 2, subdivision 6 to mean "bonds or notes".
In our opinion, the only occasion upon which an expenditure for the establishment of a public park and playground and acquisition of the land for the same and the equipping of it with suitable structures and apparatus is subject to a referendum, is when suchexpenditure is to be made solely under the provisions of the Town Law and from taxes levied for the fiscal year in which the expenditure is to be made, in which case the expenditure is subject to a permissive referendum. One other method of expenditure is authorized when action is to be taken solely under the provisions of the Town Law and that is when the expenditure is to be made in whole from moneys appropriated from surplus funds, but when the expenditure is to be made from such surplus funds, it is not subject to a permissive referendum. On the other hand, where financing of the program is to be relied upon, this is provided for by following a combination of the provisions contained in the Town Law and in the Local Finance Law, in which case, if the financing (as distinguished from the expenditure) is to be accomplished through the sale of bonds with a proposed maturity greater than five years, it is subject to a permissive referendum whereas if the financing is to be accomplished through sale of bonds with a proposed maturity of not more than five years from the date of the bonds or from the date of the first bond anticipation note issued in anticipation of the sale of the bonds, whichever date is earlier, it is not subject to a permissive referendum. In the event of financing under the Local Finance Law, the expenditure itself is not subject to an additional referendum. If this were not the case, and two referenda could be held, the ridiculous result could be produced that the first referendum could be approved, authorizing sale of long-term obligations, and the second could be rejected, thus effectively preventing the expenditure of the funds so raised.